UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-262 (ADM/ECW)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FOWZI ABDINASIR ELMI,

      Defendant.

**ORDER**

This matter came before the Court on March 8, 2021, for a hearing on the Government's Motion for Detention, pursuant to 18 U.S.C. §§ 3142(f) and (g). At the hearing, Defendant was present and represented by Jordan S. Kushner, Esq. The Government was represented by Justin A. Wesley, Assistant United States Attorney. Defendant, through counsel, waived his right to contest the Government's motion for detention.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    On November 19, 2020, Defendant was arraigned and a detention hearing was continued so the parties could gather more information about the viability of a treatment program for Defendant. On November 25, 2020, the Court set conditions of release based on the bond report, arguments of defense counsel, and with no objection from the government. The conditions included that the defendant must appear in court as required, remain abstinent from alcohol and controlled substances, submit to testing, and participate in an inpatient treatment program.

2.     Defendant was released from custody on November 30, 2020 to an inpatient treatment program at Twin Town. The following day, the Defendant was transported to the hospital, discharged, and then did not wait for transportation back to the treatment facility as required. The Defendant went home and his father transported him back to the facility.

3.     On December 2, 2020, the Defendant again went to the hospital. Upon discharge, the Defendant left even though Twin Town made it clear that Defendant was not allowed to leave and had to be transported back to treatment by Twin Town. This time, Defendant did not return to the treatment facility, report to his probation office, or go to his father's house. The Defendant was discharged from Twin Town.

4.     The Court issued a bench warrant on December 4, 2020.

5.     The Defendant was arrested and appeared in Court on December 8, 2020. A detention hearing was continued so the parties could again gather more information.

6.     On December 18, 2020, the Defendant was released on his previous conditions, but was kept in custody until a treatment bed was available.

7.     On January 11, 2021, the Defendant was released to treatment at Alliance Wellness Center in Bloomington. The following week, the Defendant had an unauthorized drop-off of a previously prescribed medication.

8.     On January 25, 2021, the Defendant admitted to the treatment director that he had used opioids at the facility over the weekend and was subsequently discharged from the program. The Defendant again absconded from supervision.

9.     On January 28, 20201, the Court issued a second bench warrant.

10.    The Defendant was arrested and appeared before the Court on March 4, 2021.

11.     On March 8, 2021, the Defendant waived a bond revocation hearing and waived a detention hearing, reserving the right to revisit detention at a later date.

12.     Based on the record before the Court, including the nature of the instant charges which involve allegations of conspiracy to distribute fentanyl and possession with intent to distribute fentanyl, along with Defendant using opioids and twice absconding from treatment, the Court finds that the United States has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community, and has also shown by a preponderance of the evidence that the Defendant poses a serious risk of flight.

13.     Based on the foregoing, the Court concludes, pursuant to 18 U.S.C. § 3142(e), that detention is appropriate.

THEREFORE, IT IS HEREBY ORDERED that:

1.     Pursuant to 18 U.S.C. § 3142(e), the Government's Motion for Detention of Defendant without bond is GRANTED;

3.     Defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4.     Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

5.     Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver him

to the United States Marshal for the purpose of appearance in connection with all court proceedings.


Dated:  March 25, 2021               *s/ Hildy Bowbeer*
                                     The Honorable Hildy Bowbeer
                                     United States Magistrate Judge