UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-262 (ADM/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR REVOCATION OF DETENTION ORDER** |
| FOWZI ABDINASIR ELMI, | |
| Defendant. | |

## Introduction

The United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Justin A. Wesley, Assistant United States Attorney, hereby submits its response in opposition the defendant's motion for release. (DCD 74.) The defendant failed to abide by the Court's previous Orders setting conditions of release on two prior occasions by failing to abide by treatment programs and absconding from pre-trial supervision. (DCD 21, 26, 42, 48). After the defendant's demonstrated failure to abide by conditions of release, United States Magistrate Judge Hildy Bowbeer thoroughly considered and appropriately applied the terms of the Bail Reform Act and determined that detention was appropriate. (DCD 73.)

Six weeks later, the defendant now asserts that detention is no longer warranted because (1) he has been in custody for "two more months" and (2) he has been accepted into Vinland Center's residential treatment program. (DCD 74.) The government respectfully requests that the Court deny the defendant's motion for release from custody.

**Facts & Procedural History**

On November 12, 2020 a Grand Jury charged the defendant with one count of conspiracy to distribute and possess with intent to distribute 400 grams or more of mixtures containing a detectable amount of fentanyl, which, if the defendant is convicted, carries a mandatory minimum term of imprisonment of 10 years and a maximum of life, and one count of possession with intent to distribute 40 grams or more of mixtures containing a detectable amount of fentanyl, which, if the defendant is convicted, carries a mandatory minimum term of imprisonment of 5 years and a maximum of 40 years. 21 U.S.C. 841(b)(1)(A) and (B); (DCD 1.)  The defendant's failure to comply with his earlier conditions of release are thoroughly documented in the Court's March 25, 2020 Order for Detention and is reiterated below (DCD 73.)

### *The Defendant's First Violation*

On November 19, 2020, the defendant was arraigned, and a detention hearing was continued so the parties could gather more information about the viability of a treatment program for the defendant.

On November 25, 2020, the Court set conditions of release based on the bond report, arguments of defense counsel, and with no objection from the government. The defendant was released from custody on November 30, 2020 to an inpatient treatment program at Twin Town. The following day, the defendant was transported to the hospital, discharged, and then did not wait for transportation back to the treatment facility as required. The defendant went home and his father transported him back to the facility.

On December 2, 2020, the defendant again went to the hospital. Upon discharge, the Defendant left even though Twin Town made it clear that Defendant was not allowed to leave and had to be transported back to treatment by Twin Town. This time, the defendant did not return to the treatment facility, report to his probation office, or go to his father's house. The defendant was discharged from Twin Town. The Court issued a bench warrant on December 4, 2020.

***The Defendant's Second Violation***

The defendant was arrested and appeared in Court on December 8, 2020. A detention hearing was continued so the parties could again gather more information. (DCD 73.)

On December 18, 2020, the defendant was released on his previous conditions, but was kept in custody until a treatment bed was available. On January 11, 2021, the defendant was released to treatment at Alliance Wellness Center in Bloomington. The following week, the defendant had an authorized drop-off of a previously prescribed medication.

On January 25, 2021, the defendant admitted to the treatment director that he had used opioids at the facility over the weekend and was subsequently discharged from the program. The defendant again absconded from supervision. The Court issued a second bench warrant on January 28, 2021.

The defendant wasn't located until March 4, 2021. On March 8, 2021, the defendant waived a bond revocation hearing and waived a detention hearing, reserving the right to revisit detention at a later date. (DCD 73.)

## Analysis

**I.     The defendant's Motion for Release should be denied because he does not bring forth any new information that has a material bearing on the issue of whether there are any conditions of release that will assure his appearance and the safety of the community.**

A court may reopen a detention hearing if it "finds that information exists that was not known by the movant at the time of the hearing *and that has a material bearing on the issue* whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (emphasis added). A defendant must demonstrate how the new information "would [materially] reduce his risk of nonappearance or the risk that he poses to the community;" otherwise, he may not reopen detention. *United States v. Crandell*, No. 19-cr-255 (JNE/TNL), 2020 WL 1873047, at *1 (D. Minn. Apr. 15, 2020).

Although the defendant asserts he has new information for the Court to consider, it essentially consists of the defendant wanting a third chance at treatment. Furthermore, the time the defendant has spent in custody and the location of the treatment facility do not have a material bearing on the issue of whether there are conditions of release that will assure his appearance and the safety of the community. The defendant has already demonstrated a history of defying the Court's conditions of release, absconding from probation, and continuing his use of controlled substances.

**II.    The defendant's Motion fails on its merits because the Court properly applied the tenets of the Bail Reform Act.**

Even if the Court were to consider the defendant's time spent and custody and the location of this third treatment center as reasons to revisit detention, which the government

4

argues it should not, the defendant's argument for release fails on the merits. The Court already found that detention was appropriate under the Bail Reform Act (DCD 73). Additionally, there is a presumption that detention is appropriate, and the defendant has failed rebut that presumption. 18 U.S.C. § 3142(e)(3)(A). There is nothing in the defendant's motion suggesting that the new treatment facility is aware of the defendant's past indiscretions or how they would plan to address any future attempts of absconding or drug use at their facility. The defendant has not provided the Court with an explanation regarding why the defendant originally failed from the two programs, or why the defendant would change his behavior now. There is nothing new here, and for that reason alone, the Court should deny the Motion.

      Furthermore, the defendant has not shown that conditions can be imposed to insure the defendant's appearance at future court proceedings, or that the defendant will not present a danger to the community. This Court previously found that detention was appropriate due to the nature of the instant charges which involve allegations of conspiracy to distribute fentanyl and possession with intent to distribute fentanyl, along with the defendant's use of opioids and twice absconding from treatment. Despite these findings, the defendant claims that yet another chance at treatment is warranted.  The defendant offers no compelling evidence why a third attempt at treatment will likely be successful, or what measures the defendant will take to comply with conditions of release. The defendant simply asserts that the defendant has been accepted into a new program farther away from home and therefore should be released. It should be noted that Loretto is only approximately a half hour drive from Minneapolis. The length of time in custody and the

location of the treatment facility are not reasons to alter this Court's conclusion that the defendant is a risk of flight or non-appearance and a danger to the community, and do not rebut the presumption that detention is appropriate..

## CONCLUSION

The defendant's claims lack merit. Here, all factors weigh significantly in favor of continued detention. The defendant has failed to rebut the presumption favoring detention, and the record shows that no condition or combination of conditions would reasonably assure the safety of the community or the defendant's appearance as required if he were released pending trial.   Accordingly, the defendant's Motion should be denied.

Dated:   May 4, 2021                           Respectfully submitted,

                                               W. ANDERS FOLK
                                               Acting United States Attorney

                                               /s/ *Justin A. Wesley*
                                               BY: JUSTIN A. WESLEY
                                               Assistant United States Attorney
                                               Attorney ID No. 0389189