UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-262 (ADM/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Fowzi Abdinasir Elmi, | |
| Defendant. | |

This case is before the Court on the Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (Dkt. 50); Defendant Fowzi Abdinasir Elmi's Motion to Compel Disclosure of Evidence Favorable to Accused (Dkt. 51); Defendant Fowzi Abdinasir Elmi's Motion to Compel Disclosure of 404(b) Evidence (Dkt. 52); Defendant Fowzi Abdinasir Elmi's Motion for Discovery (Dkt. 53); Defendant Fowzi Abdinasir Elmi's Motion for Discovery of Expert Under Rule 16(a)(1)(E) (Dkt. 54); Defendant Fowzi Abdinasir Elmi's Motion for Disclosure of Grand Jury Transcripts (Dkt. 55); Defendant Fowzi Abdinasir Elmi's Motion to Compel Disclosure of Informant (Dkt. 56); Defendant Fowzi Abdinasir Elmi's Motion to Require Government Agents to Retain Rough Notes (Dkt. 57); and Defendant Fowzi Abdinasir Elmi's Motion for Early Disclosure of Jencks Act Material (Dkt. 58).

The Court held a hearing on the motions on June 11, 2021.  (Dkt. 83.)  Justin A. Wesley, Assistant U.S. Attorney, appeared on behalf of the United States of America

("the Government") and Jordan S. Kushner appeared on behalf of Defendant Fowzi Abdinasir Elmi, who was present at the hearing.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (Dkt. 50) is **GRANTED** as unopposed. The parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial and rebuttal evidence shall be disclosed no less than 10 days before trial.

2. Defendant Fowzi Abdinasir Elmi's Motion to Compel Disclosure of Evidence Favorable to Accused (Dkt. 51) is **DENIED IN PART** as moot based on the Government's representation that it has complied and will comply with its requirement to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. (*See* Dkt. 67 at 5-6.) The Motion is **GRANTED IN PART** insofar as within ten (10) days of the date of this Order, the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed.

3. Defendant Fowzi Abdinasir Elmi's Motion to Compel Disclosure of 404(b) Evidence (Dkt. 52) is **GRANTED IN PART**. No later than 14 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). To the extent the Government

becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense.

4. Defendant Fowzi Abdinasir Elmi's Motion for Discovery (Dkt. 53) is **GRANTED IN PART** and **DENIED IN PART**. The Government represents that it has complied with its obligations under Rule 16 and will continue to do so. (Dkt. 67 at 7.) The Government shall comply with its discovery obligations under Rule 16. To the extent the Motion requests material outside of the scope of Rule 16, the Motion is denied.

5. Defendant Fowzi Abdinasir Elmi's Motion for Discovery of Expert Under Rule 16(a)(1)(E) (Dkt. 54) is **GRANTED** insofar as the Motion is directed at expert witness disclosure under Rule 16(a)(1)(G).[1] The parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial and rebuttal evidence shall be disclosed no less than 10 days before trial.

6. Defendant Fowzi Abdinasir Elmi's Motion for Disclosure of Grand Jury Transcripts (Dkt. 55) is **DENIED AS MOOT** insofar as the Government represented there are no grand jury transcripts for the witnesses the Government called or intends to call at the motions hearing. The Motion is otherwise **DENIED**. According to the United States Supreme Court, there is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*,

---

[1] The Motion sought discovery under Rule 16(a)(1)(E), but it is subparagraph (G) that addresses the Government's obligations with respect to expert disclosures, *see* Fed. R. Crim. P. 16(a)(1)(G), so the Court treats this motion as brought under that subparagraph.

356 U.S. 677, 681 (1958) (citations omitted).  "To compel disclosure of a grand jury transcript [the defendant] had to show the transcript was needed to avoid a possible injustice, the need for disclosure was greater than the need for continued secrecy, and his request was structured to cover only material needed."  *United States v. Kocher*, 978 F.2d 1264 (Table) (8th Cir. 1992) (citations omitted).  Moreover, a defendant must allege a "particularized need" with support for the records and may not seek them merely as a fishing expedition.  *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (citation omitted); *United States v. Reed*, No. CR 18-15 (JNE/DTS), 2018 WL 7504843, at *3 (D. Minn. Sept. 14, 2018), *R.&R. adopted*, 2018 WL 5269991 (D. Minn. Oct. 23, 2018); *see generally*, *Thomas v. United States*, 597 F.2d 656, 657-58 (8th Cir. 1979) (no particularized need shown where petitioner asserted grand jury minutes were necessary to prove matters he wished to pursue in § 2255 petition and that he was "being deprived of important documents that will very well prove all [his] allegations").  Defendant has offered no justification for the disclosure of grand jury transcripts and so has met none of the requirements set forth by the Eighth Circuit.  Nonetheless, insofar as any Grand Jury transcripts are *Brady*/*Giglio* information, the Government shall disclose that information consistent with paragraph 2 of this Order.  Additionally, the Court understands that the Government has represented that it will voluntarily provide any Jencks Act material no later than three business days before trial.  (Dkt. 67 at 8-9.)

7. Defendant Fowzi Abdinasir Elmi's Motion to Compel Disclosure of Informant (Dkt. 56) is **TAKEN UNDER ADVISEMENT** pending the continued hearing and further briefing.

8.      Defendant Fowzi Abdinasir Elmi's Motion to Require Government Agents to Retain Rough Notes (Dkt. 57) is **GRANTED** to the extent that the Government in its written submission (Dkt. 67 at 12) has represented that it does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes, if any, created as part of the investigation.  If the Government has not already done so, it is ordered to instruct law enforcement officials involved in the investigation to retain and preserve their rough notes.

9.      Defendant Fowzi Abdinasir Elmi's Motion for Early Disclosure of Jencks Act Material (Dkt. 58) is **DENIED** insofar as it seeks production of Jencks Act material "at least two weeks prior to trial" or an order for production of Jencks Act material before a witness has testified at trial on direct examination.  The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500.  The Eighth Circuit has repeatedly held that the Government cannot not be required to make pretrial disclosure of Jencks Act material.  *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material early, and it has represented that it agrees to provide any such material no later than three business days before trial.  (Dkt. 67 at 12-13.)

DATED:  June 11, 2021                              *s/Elizabeth Cowan Wright*
                                                   ELIZABETH COWAN WRIGHT
                                                   United States Magistrate Judge