UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-262 (ADM)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FOWZI ABDINASIR ELMI,

    Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Charles J. Kovats, Jr., Acting United States Attorney for the District of Minnesota, and Justin A. Wesley, Assistant United States Attorney, hereby respectfully submits its position and memorandum on sentencing. In accord with the plea agreement, the United States recommends a sentence of imprisonment of 60 months.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

The United States agrees with, and incorporates by reference, the facts from the "Offense Conduct" section of the Presentence Investigation Report (DCD 108, hereinafter "PSR," ¶¶ 10-15), as well as those facts from the Plea Agreement (DCD 98 ¶ 2).

Between June 1, 2019 and September 15, 2020, the defendant was involved in a conspiracy to acquire, possess and distribute counterfeit prescription pills that actually contained fentanyl.

On June 1, 2019, the Minneapolis Police Department conducted a traffic stop of a vehicle occupied by the defendant and other individuals. The defendant was in possession

of 351 counterfeit prescription pills containing fentanyl, weight a total of 38 grams. The defendant possessed these pills with intent to distribute them.

On January 21, 2020, the defendant drove to Arizona with two other individuals for the purpose of buy counterfeit prescription pills containing fentanyl and then returning to Minnesota to distribute them. While on the way back to Minnesota, the defendant was stopped in Oklahoma by law enforcement, who recovered approximately 2100 pills containing fentanyl (255 grams).

On September 15, 2020, the defendant, along with two others, were involved in a single vehicle car crash in Minneapolis. Police arrived and found the defendant to be in possession of 170 pills containing fentanyl (20 grams). The defendant admitted to purchasing these pills for $15 per pill, and that he was selling them for $30-$35 per pill in order to support his drug habit.

On November 12, 2020, a grand jury returned a two-count Indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A), and possession with intent to distribute fentanyl, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B).

On August 31, 2021, the defendant appeared with his counsel and pled guilty to Count 1 of an Information charging him with conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(B), and 846, pursuant to a written plea agreement filed with the Court. (PSR ¶¶ 2-3; DCD 93, 96, 97, 98).

On November 16, 2021, the United States Probation Office issued a final PSR, which determined the defendant's total offense level to be 25 and his criminal history category to

be I, resulting in an effective advisory Guidelines' range of 57 to 71 months' imprisonment. (PSR ¶¶ 61). However, the mandatory minimum sentence of five years is greater than the minimum of the guideline range, and therefore the guideline range is 60 to 71 months imprisonment. The government is recommending a sentence of 60 months imprisonment pursuant to the plea agreement.

## ARGUMENT

In following the sentencing methodology laid out by the Supreme Court, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.* at 49-50. Section 3553(a) requires the Court to consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a). But a district court is not required to provide a mechanical recitation of the Section 3553(a) factors and "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017); *United States v. San-Miguel*, 634 F.3d 471, 475-76 (8th Cir. 2011).

### A. The Guidelines Calculations

In accord with the Plea Agreement, (DCD 98 ¶ 6.g), the United States advocates for a sentence of 60 months' imprisonment, as a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

### B. The 3553(a) Factors

A consideration of the 3553(a) factors warrants a sentence of 60 months' imprisonment.

#### 1. Nature and Circumstances of the Offense

As noted above, the defendant was engaged in a conspiracy to distribute counterfeit prescription pills containing fentanyl, a dangerous and deadly controlled substance.

#### 2. History and Characteristics of the Defendant

The United States submits that the PSR accurately and adequately describes the defendant's criminal history, personal history, and characteristics. The defendant reports he began using marijuana and opiates in 2019. His initial attempts at treatment were unsuccessful.

#### 3. Needs of Sentencing and Other 3553(a) Factors

A sentence of 60 months, in accord with the plea agreement, is warranted by the needs of sentencing. There do not appear to be any significant aggravating or mitigating factors in this case. On balance, a sentence of 60 months would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to avoid unwarranted sentencing disparities among defendants.

## **CONCLUSION**

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 60 months' imprisonment.

Respectfully submitted,

Dated: November 30, 2021

CHARLES J. KOVATS, JR.
Acting United States Attorney

/s *Justin A. Wesley*

BY:  JUSTIN A. WESLEY
Assistant U.S. Attorney
Attorney ID No. 0389189

5